

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY 20 2021

RICK WARREN
COURT CLERK
125 _____

| | |
|---|---|
| **KIMBERLY WEST,** | |
| Plaintiff, | |
| v. | Case No. CJ-2021- |
| **TM 5, LLC, d/b/a TACO MAYO,** | **CJ-2021-2204** |
| Defendant. | |

## PETITION

**COMES NOW THE PLAINTIFF**, and for his cause of action herein alleges and states as follows:

1. Plaintiff is Kimberly West, an adult resident of Oklahoma County, Oklahoma.

2. Defendant is TM 5 LLC, d/b/a Taco Mayo., a domestic limited liability company operating in Oklahoma County, Oklahoma.

## CLAIMS AND VENUE

3. Plaintiff's causes of action are for sexual harassment, disability discrimination and retaliation in violation of the Title VII of the Civil Rights Act ("Title VII"), and the Americans with Disabilities Act ("ADA"),

1

as well as Oklahoma's Anti-Discrimination Act. Plaintiff also alleges wrongful termination (retaliation) under Oklahoma's Administrative Worker's Compensation Act.

4. All of the acts described herein occurred in Oklahoma County and venue is proper in this Court.

## STATEMENT OF FACTS

5. Defendant employed fifteen (15) or more employees during each of at least twenty (20) weeks of the current or proceeding calendar year, and is a covered employer under the ADA and Title VII. There is no minimum number of employees required under the Worker's Compensation Act.

6. Plaintiff was an employee of Defendant from approximately September 22, 2018 until her termination on or around November 19, 2019. At the time of her termination, Plaintiff was an assistant manager for Defendant.

7. Plaintiff suffers from carpal tunnel syndrome which, without the

2

meliorative effects of mitigating measures, substantially limit's Plaintiff's ability to turn her hands, type, grip, and carry things.

8. As a result of the condition described in Para. 9, Plaintiff is a person with a disability as defined by all three prongs of the Americans with Disabilities Act.

9. Plaintiff had to request accommodations from Defendant due to her carpal tunnel syndrome in her right hand, which required surgery and therefore time off work. Such request was granted.

10. After Plaintiff had her surgery and returned to work, her managers began to harass her by micromanaging and looking for flaws in anything Plaintiff did. Such harassment continued through the date Plaintiff was terminated.

11. Around October 20, 2019, Plaintiff observed a manager sexually harassing a subordinate employee by touching her stomach, coming up behind her and standing up against her, and grab her face.

12. Plaintiff reported this harassment to her Defendant shortly thereafter, however in response defendant removed Plaintiff's access to the video surveillance she used to make the report.

13. Also in response to Plaintiff's report, Defendant pulled her into the cooler and instructed her threateningly not to say anything to anyone.

14. On or around November 13, 2019, Plaintiff suffered an on-the-job injury to her wrist and hand (similar to carpal tunnel), in her good hand.

15. Plaintiff promptly reported her injury to management.

16. As a result of her injury, Plaintiff sought medical treatment. Plaintiff was placed on a 10-pound lifting restriction.

17. Plaintiff reported such restriction to Defendant, who to her she would not be allowed to work due to such restriction.

18. Defendant did not accommodate Plaintiff and failed to engage in the interactive process to determine if an accommodation could be provided due to her injury.

19. With accommodations, Plaintiff was capable of performing the essential functions of her position as assistant manager, and could have performed other job positions Defendant had available at that time.

20. On or around November 19, 2019, Defendant fired Plaintiff.

21. Defendant's alleged reason for termination was that Plaintiff had allegedly falsified her time records.

22. Such reason was false and pretextual in that Plaintiff did not falsify her time cards, and was not asked about such issue prior to Defendant's termination.

23. Moreover, such alleged falsification occurred more than two (2) months prior to Plaintiff's termination (September 13, 2019). Defendant only discovered such issue when it was seeking a reason to terminate Plaintiff.

24. At the least, Plaintiff's termination was motivated by her disability, her on the job injury, and/or her report of sexual harassment in the

workplace.

25. As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay) and emotional distress/dignitary harm damages.

26. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on or around May 15, 2020. The EEOC issued Plaintiff's right to sue letter on February 25, 2021, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of her right to sue letter.

## COUNT I – DISABILITY DISCRIMINATION

Plaintiff incorporates the paragraphs above and further pleads as follows:

27. Discrimination due to Plaintiff's disability and the failure to engage in the interactive accommodations process are prohibited by the ADA.

28. Under the ADA, Plaintiff is entitled to compensation for all lost wages

and benefits arising from the termination.

29. Under the ADA, the Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

30. Because the actions of Defendant were willful, malicious, or in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

## COUNT II – WORKER'S COMPENSATION RETALIATION

Plaintiff incorporates the paragraphs above and further pleads as follows:

31. Defendant's termination of Plaintiff in retaliation for her on-the-job injury and/or her initiating the worker's compensation process is prohibited under the Administrative Worker's Compensation Act.

32. Under the ACWA, Plaintiff is entitled to her lost wages and benefits arising from the termination of her employment.

33. Plaintiff is also entitled to her attorney's fees and costs under the AWCA.

7

## COUNT III – RETALIATION UNDER TITLE VII

Plaintiff incorporates the paragraphs above and further pleads as follows:

34. Retaliating against Plaintiff, such as terminating Plaintiff due to her report of sexual harassment in the workplace is illegal under Title VII of the Civil Rights Act.

35. Under Title VII, Plaintiff is entitled to wages and benefits lost due to the termination of her employment.

36. Plaintiff is also entitled to compensatory damages for the emotional distress caused by Defendant's actions, including her termination.

37. Because the actions of Defendant were willful, malicious, or in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

## PRAYER

The actual damages under Plaintiff's claims exceeds Ten Thousand

Dollars ($10,000.00).

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory and punitive damages together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS ___ DAY OF MAY 2021.**

Leah M. Roper, OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: (405) 252-1180
Leah@CenterForEmploymentLaw.Com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**